## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-3523-L |
| | § | |
| ALAN BANKS, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| CITY CREDIT UNION, et al., | § | |
| | § | |
| Garnishees, | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to the order of reference filed May 4, 2012, before the Court for recommendation or determination is the *Amended Motion to Quash and Accounting*, filed May 2, 2012 (doc. 36). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

On August 24, 2005, Alan Banks (Defendant) pleaded guilty to conspiracy to commit wire fraud, bank fraud and illegal monetary transactions in violation of 18 U.S.C. § 371, in criminal case number 3:03-CR-415-K in the Northern District of Texas. (*See* doc. 42-1.) A judgment was entered against him on September 11, 2007, sentencing him to fifty months of imprisonment, to be followed by two years of supervised release, and ordering him to pay a special assessment of $100.00 and full restitution, jointly and severally with co-defendants, in the amount of $2,609,910.92. (*Id.*) As of December 16, 2011, payments totaling $247,337.08 had been applied to the restitution debt. (*See* doc. 42-2)

On December 21, 2011, the United Stated filed an application for a writ of garnishment against alleged nonexempt property of Defendant and/or his spouse for the remaining balance in the amount of $2,362,673.84.  (*See* doc. 2.)  On January 19 and 20, 2012, the Court ordered the issuance of writs of garnishment to City Credit Union, Dallas County Community Supervision and Corrections Department, Nationwide Retirement Solutions, Inc. of Texas, Texas County & District Retirement System, and Wells Fargo Bank NA (Garnishees).  (*See* docs. 6, 9-12.)  The Clerk issued the writs ordering Garnishees to withhold or retain any property in which Defendant or his spouse (Spouse) had a non-exempt interest and for which it became indebted to them.  (*See* docs. 7, 13, 15, 17, 19.)  The Clerk also issued notices of post-judgment garnishment that advised Defendant and Spouse of the right to claim exemptions for some property, and his right to request a hearing within twenty days of receipt of the notice to explain why the property sought was exempt and why he thought he did not owe the debt to the government.  (*See* docs. 8, 14, 16, 18, 20.)  Garnishees filed answers to the writs of garnishment between February 10 and March 5, 2012.  (*See* docs. 21-23, 25, 27.)

On February 29, 2012, Defendant and Spouse filed a claim for exemption form, claiming an exemption for personal effects that do not exceed $6,250, and requested a hearing.  (*See* doc. 26 at 20-21, 28-29.)  In attached correspondence, they contended in relevant part that the United States failed to send them a demand letter before seeking writs of garnishment, that it improperly seized Spouse's property, and that Defendant was almost current with his court-ordered payment plan.  *Id.* at 1, 14-19, 23, 27.[1]  On March 29, 2012, Spouse formally moved to quash the writs and for an

---

[1]The Court determined that a hearing concerning the matters raised in the February 29, 2012 filing was not necessary at that time and that the issues were the same as those raised in Spouse's subsequent motion to quash.  (*See* doc. 52.) It denied the request for hearing as moot.  *Id.*  Notably, although the exemption form claims an exemption for personal effects, the substance of the objections relate to the garnishment of Spouse's wages and retirement account.

2

accounting, but did not request a hearing.  (*See* doc. 32.)  On May 2, 2012, she filed an amended

motion to quash and requested a hearing.  (*See* doc. 36.)  The motion is now ripe for determination.

## II.  ANALYSIS

The Mandatory Victim Restitution Act (MVRA), codified at 18 U.S.C. §3663A *et. seq.*,

"makes restitution mandatory for certain crimes."  *United States v. DeCay*, 620 F.3d 534, 539 (5th

Cir. 2010) (citing 18 U.S.C. § 3663A(a)(1), (c)(1)(A)); *see also United States v. Phillips,* 303 F.3d

548, 550-51 (5th Cir.2002) (noting that according to the legislative history, the MVRA was intended

to strengthen the government's ability to collect restitution); *United States v. Edward D. Jones &

Co., L.P.*, 4:10cr57.6, 2011 WL 7025905, at *1 (E.D. Tex. Dec. 21, 2011) (discussing dual purposes

of MVRA to promote payment of restitution and compensation to victims), *rec. adopted by* 2012

WL 113605 (E.D. Tex. Jan. 13, 2012).   The MVRA authorizes the United States to enforce

restitution orders in the same manner as criminal fines, and by all other available means.  *Phillips,*

303 F.3d at 550-51 (citing 18 U.S.C. § 3664(m)(1)(A)).  Pursuant to 18 U.S.C. § 3613(a), the federal

government is authorized to collect criminal fines and restitution "'in accordance with the practices

and procedures for the enforcement of a civil judgment under Federal law or State law.'"  *Id.* at 551

(quoting § 3613(a)).  The practices and procedures for enforcement of civil judgments under federal

law are set forth in the Federal Debt Collection Practices Act (FDCPA), 28 U.S.C. §§ 3001-3308.

*Id.* (noting that the FDCPA is the "most effective" means for enforcing restitution orders)*; see also

United States v. Clayton*, 623 F.3d 592, 595 (5th Cir. 2010) (U.S. may use FDCPA to enforce

restitution orders).

The FDCPA authorizes the government to seek writs of garnishment against property in

which the debtor has a substantial nonexempt interest in order to satisfy a judgment.  *See* 28 U.S.C.

§ 3205(a); *Clayton*, 623 F.3d at 595 (citing § 3205(a)).  Sections 3202 and 3205 provide the means

by which debtors may challenge the issuance of writs of garnishment.  *Edward D. Jones & Co., L.P.*,

2011 WL 7025905, at *2 (citing § 3202(b) and (d), 3205(c)(5)).

Here, the United States has filed an application for writs of garnishment against alleged

nonexempt property of Defendant and/or Spouse, the Court has ordered the issuance of the requested

writs, the Clerk of Court issued the writs, and Garnishees have filed answers.  Spouse moves to

quash the writs on grounds that (1) Texas law precludes the garnishment of certain community

property, (2) the remedial purposes for which the writs were issued has been mooted by the

insolvency of certain victims, (3) garnishment is contrary to the installment payment plan for

restitution set forth in the criminal judgment, and (4) the Government did not provide her adequate

notice of the garnishment.  (*See* doc. 36.)  She also requests a hearing.  *Id.*

## A.       Request for Hearing

The FDCPA allows a judgment debtor to file an objection to a garnishee's answer within

twenty days of its receipt and to request a hearing:

> Objections to answer.--Within 20 days after receipt of the answer, the judgment
> debtor or the United States may file a written objection to the answer and request a
> hearing. The party objecting shall state the grounds for the objection and bear the
> burden of proving such grounds. A copy of the objection and request for a hearing
> shall be served on the garnishee and all other parties.

28 U.S.C. § 3205(c)(5).

Here, Spouse did not request a hearing concerning her objections in her initial motion to

quash the writs, dated March 29, 2012.  (*See* doc. 32.)  She requested a hearing in her amended

motion to quash the writs of garnishment, filed May 2, 2012.  (*See* doc. 36).  Because she did not

request a hearing concerning her objections to the answers within 20 days of receipt of the

garnishees' answers, the request is untimely. *See United States v. Reynolds*, 3:09-CV-2083-L, 2010 WL 1063430, at *1 n.* (N.D. Tex. Mar. 19, 2010) (Lindsay, J.) (noting that even if request was construed as requesting a hearing under § 3205(b)(5), it was still untimely because the request was made more than 20 days after receipt of the answer).  Moreover, Spouse's motion to quash clearly relates to the garnishment of her retirement account and wages.  Whether this community property is exempt from garnishment is an issue of law for which no hearing is required. *See U.S. v. Harris*, 3:12-CV-2133-D, 2012 WL 5845544 (N.D. Tex. Nov. 19, 2012) (denying request for hearing under § 3202(d) because whether garnished profit sharing plan account was exempt was an issue of law that did not require a hearing).

Spouse's request for a hearing should therefore be denied.

## B.    Community Property

Spouse argues that community property subject to her sole management, control or disposition, such as her retirement account, is not subject to a claim for criminal restitution against Defendant.  (*See* doc. 36 at 1-2.)

The FDCPA provides:

> A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor. Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located.

28 U.S.C. § 3205(a); *United States v. Loftis*, 607 F.3d 173, 178 (5th Cir. 2010).  Under Texas law, marital community property is either jointly managed or solely managed. *U.S. v. Tischendorf*, 3:10-CV-2078-G, 2011 WL 2413346, at *2 (N.D. Tex. May 17, 2011), *rec. adopted by* 2011 WL 2327312 (N.D. Tex. Jun. 13, 2011).  "'Solely managed community property' is property that a

spouse would have owned if she were single, including: (1) personal earnings; (2) revenue from separate property; (3) recoveries for personal injuries; and (4) the increase and mutations of, and the revenue from, all property subject to the spouse's sole management, control, and disposition." *Id.* (citing Tex. Fam. Code Ann. § 3.102(a)).  This type of community property is expressly exempt from "any nontortious liabilities that the other spouse incurs during marriage" absent liability by both spouses under Texas law.  Tex. Fam. Code § 3.202(b).

The solely-managed community property state-law exemption does not apply to the United States for purposes of criminal restitution orders.  The MVRA makes restitution orders enforceable to the same extent as a tax lien.  *Lofiis,* 607 F.3d at 179 n. 7 (citing 18 U.S.C. § 3613(c) (once restitution is ordered, all of a defendant's property becomes subject to a lien in favor of the United States in the same manner as tax liens).  Any property that may be garnished to satisfy a tax lien may therefore be garnished to satisfy a restitution order.  *Edward D. Jones & Co., L.P.*, 2011 WL 7025905, at *1 (*citing United States v. Hosking,* 567 F.3d 329, 335 (7th Cir.2009)).  As noted by the Fifth Circuit, "state law exemptions are not effective against the United States" with respect to tax liens.  *Medaris v. United States*, 884 F.2d 832, 833-34 (5th Cir. 1989) (citing *United States v. Mitchell*, 403 U.S. 190, 205 (1971).  Accordingly, the federal government was permitted to attach a spouse's solely managed wages for purposes of satisfying the other spouse's tax liability.  *Id.* Likewise, federal courts in this circuit have permitted the garnishment of a spouse's solely managed community property, including retirement accounts, to satisfy a restitution order despite the state law exemption relied upon by Spouse.  *See Lofiis,* 607 F.3d at 179 n. 7 (affirming district court' holding that the government could garnish defendant's interest in spouse's solely managed community property, including her retirement savings account); *Tischendorf*, 2011 WL 2413346,

at *2 (finding government was entitled to garnish defendant's interest in former spouse's Teacher Retirement System of Texas account); *U.S. v. Urso*, 3:08-CV-1230-L, 2009 WL 2999521, at *3 (N.D. Tex. Sept. 18, 2009) (Lindsay, J.) (rejecting argument that state law exemption precluded federal government's garnishment of spouse's wages for purposes of satisfying restitution order) (citing *Medaris*); *see also United States v. Reynolds*, 3:09-CV-2083-L, 2010 WL 1063430, at *2 (N.D. Tex. Mar. 19, 2010)  (Lindsay, J.) (finding that although the spouse was not a judgment debtor, the government was entitled to garnish her wages as community property to satisfy restitution order against her husband) (citing *Medaris*).

Spouse's solely managed community property, including her retirement account and wages, is not exempt from garnishment by the federal government for purposes of satisfying a restitution order against Defendant, and her motion to quash the writs should be denied.

## C.    Payment Schedule

Spouse argues that garnishment is contrary to the terms of the criminal judgment specifying that Defendant shall pay restitution at the rate of $100.00 per month, and that the value of the property subject to the writs greatly exceeds the amount of Defendant's two-month arrearage under the payment plan.  (*See* doc. 36 at 2-3.)

In *United States v. Ekong,* 518 F.3d 285, 286 (5th Cir.2007) (*per curiam*), the Fifth Circuit expressly rejected the argument that there is no justification for requiring immediate payment of restitution where a criminal judgment specifies that it be paid in installments.  *See also Urso*, 2009 WL 2999521, at *2 (citing *Ekong*).  It noted the MVRA's delegation of authority to the Government to enforce victim restitution orders in the same manner as criminal fines and civil judgments, and by all other available means, as well as its requirement for aggressive enforcement.  518 F.3d at 286

(citing *Phillips,* 303 F.3d at 550-51).  The Fifth Circuit found that there was nothing in Ekong's criminal judgment to the contrary and affirmed the district court's order overruling his objections to the application for a writ of garnishment.  *Id.*

In *Urso*, 2009 WL 2999521, at *2, this Court found payment plan language identical to that in Defendant's judgment to be "very similar" to the language in the *Ekong* judgment.  (*Compare* doc. 42-1 at 5.)  Citing *Ekong*, the Court rejected the movant's substantially similar argument based on the payment plan language and denied the motion to quash the writ of garnishment.  2009 WL 2999521, at *2.  As in *Urso*, nothing in the criminal judgment here provides that the Government may not seek to enforce the restitution order immediately.  (*See* doc. 42-1 at 5.)  In addition, Defendant's judgment specifically provides that payment of restitution shall begin immediately.  *Id.* at 7.  The motion to quash the writs of garnishment on this ground should be denied.

### D.    Mootness

Spouse argues that the remedial purposes for which garnishment is sought is moot because three of the victims that will benefit from the garnishment are insolvent or no longer in existence.  (*See* doc. 36 at 2.)  Her motion provides no authority whatsoever in support of her argument.  Defendant's judgment lists five pages of victims, not just the three allegedly insolvent victims, to whom restitution is still owed.  (See doc. 42-1 at .)  The motion to quash the writs of garnishment on this ground should be denied.

### E.    Notice

Spouse's motion simply states that "[t]here is no proof of proper Notice before the Garnishment."  (*See* doc. 36 at 2.)  In her reply, she contends that the United States failed to comply with § 3205(b)(1)(B).  (*See* doc. at 3.)

Section 3205(b)(1)(B) of the FDCPA states that the United States shall include in its application for a writ of garnishment "the nature and amount of the debt owed and the facts that not less than 30 days has elapsed since demand on the debtor for payment of the debt was made and the judgment debtor has not paid the amount due."

In its response to Spouse's motion to quash the application for writ of garnishment, the Government filed a copy of a demand for payment that was mailed to Defendant on December 10, 2007, which was more than 30 days prior to the filing of the application for writ of garnishment on December 21, 2011.  (*See* doc. 42-3 at 2.)  It also filed copies of letters to Defendant enclosing financial affidavits for completion, dated July 8, 2010 and August 26, 2010, as well as proof of receipt of these letters.  *Id.* at 3-5.  In her reply, Spouse contends that the December 10, 2007 demand letter and the first financial statement letter were mailed to an incorrect address for Defendant.  Notably, she does not specifically allege, or provide evidence to support, that he did not receive these letters.  (*See* doc. 43 at 3.); *compare Ekong,* 518 F.3d at 287 (finding that the defendant's affidavit of non-receipt failed to rebut presumption of receipt).  She concedes that the second financial statement letter was sent to Defendant's correct address, and that it was received, but she contends that it was "NOT a Notice before garnishment."  *Id.*

To the extent that Spouse complains that the two initial filings were not sent to her, the demand need only be sent to the Defendant against whom the restitution order was entered.  *See Medaris v. United States*, 884 F.2d 832 (5th Cir. 1989) (affirming district court's finding that the government was not required to provide notice to the spouse where she was not liable for the taxes).  To the extent that she complains that she did not receive notice prior to the issuance of the writs of garnishment, she received notice of the writs and written instructions from the Clerk of Court.  (*See*

docs. 8, 14, 16, 18, 20.)  The government has also filed an affidavit of service attesting to its service

of the application for writs of garnishment, the order for issuance of writs, the writs, the notices of

garnishment, claim for exemption form, and instructions for objecting to the garnishee's answers.

(*See* docs. 51, 52.)  Based on the undisputed service of these documents upon Spouse, she received

due process.  *See U.S. v. Armstrong*, 3:04-CV-1842-H, 2005 WL 937857, at *5 n. 6 (N.D. Tex. Apr.

21, 2005) (spouse received due process where writ of garnishment, along with written instructions,

was served on her by the Clerk and United States Attorney's Office), *rec. adopted* by 2005 WL

1214669 (N.D. Tex. May 20, 2005).  She has not shown that notice prior to the issuance of the writs

was required.

## III.  CONCLUSION

Spouse's amended motion to quash the writs of garnishment should be **DENIED**.

**SO ORDERED on this 10th day of January, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

10

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.   Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11