IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| Plaintiff, | § § § | |
| v. | § § | Civil Action No. **3:11-CV-3523-L** |
| **ALAN BANKS**, | § § § | |
| Defendant, | § § | |
| **and** | § § | |
| **CITY CREDIT UNION,** *et al.*, | § § § | |
| Garnishees. | § § | |

## ORDER

This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on January 10, 2013, recommending that the Amended Motion to Quash and Accounting (Doc. 36), which included a request for a hearing and was filed by Patricia Ferrell Banks ("Patricia Banks") on May 2, 2012, be denied.

**I.　Background**

Patricia Banks is Defendant Alan Banks's spouse. Alan Banks ("Alan Banks" or "Defendant") is currently serving fifty months imprisonment for conspiracy to commit wire fraud, bank fraud, and illegal monetary transactions in violation of 18 U.S.C. § 371. As part of his sentence, Defendant is required to pay $2,609,910.92 in restitution. On December 21, 2011, the United Stated filed an application for a writ of garnishment against "substantial nonexempt property

Order – Page 1

belonging to or due Defendant Alan K. Banks (Banks), who is a judgment debtor of the United States, and/or his spouse, Patricia Ferrell Banks" for the remaining restitution owed in the amount of $2,362,673.84. Doc. 2. On January 28, 2013, Alan Banks filed objections to the Report as to the magistrate judge's determinations regarding: (1) the sufficiency of the notice received by the Banks; (2) the denial of their request for a hearing; and (3) the Government's entitlement to garnish assets of Patricia Banks to satisfy Defendant's restitution obligation.

## I.     Objections

### A.     Notice

Defendant first contends that the Government's December 10, 2007 Demand for Payment Letter was not "received" by him but instead was mailed to him at an incorrect address in Desoto, Texas, and therefore failed to comply with 28 U.S.C. § 3205(b)(1)(B). Defendant's objection in this regard is based on Patricia Banks's prior argument: "There is no proof of proper Notice before the Garnishment," and Patricia Banks's contention that the United States failed to comply with section 3205(b)(b)(1)(B) of the Federal Debt Collection Practices Act ("FDCPA"). Based on the evidence before her, the magistrate judge determined that Patricia Banks received due process and has not shown that notice prior to the issuance of the writs was required. The court agrees with the magistrate judge's determination and will therefore overrule Defendant's objection as to notice.

### B.     Request for Hearing

Defendant next contends that on February 29, 2012, he and Patricia Banks responded to the Writ of Garnishment that was served on February 16, 2012, and requested a hearing pursuant to 28 U.S.C. § 3205(c)(5). Defendant's February 29, 2012 request for a hearing was previously addressed by this court and denied on August 23, 2012. The issue before the magistrate judge was whether a

hearing was warranted based on Patricia Banks's request for hearing that was included in her May 2, 2012 amended motion to quash the writs of garnishment. The magistrate judge concluded that May 2, 2012 request for hearing was untimely because it was not filed within 20 days of receipt of the garnishees' answers as required by section 3205(b)(5) of the FDCPA. The magistrate further determined that because Patricia Banks's motion to quash clearly relates to the garnishment of her retirement account and wages, and the issue of whether community property is exempt from garnishment can be decided as a matter of law, no hearing is required under section 3205(b)(5).

In its prior order, the court determined that a hearing under section 3202(d)(3) was not warranted but did not consider whether Defendant and Patricia Banks were entitled to a hearing pursuant to section 3205(b)(5) applicable to garnishment proceedings. As noted in the court's prior order, "the matters raised in Banks's February 29, 2012 submission are the same as those raised by Patricia Ferrell Banks's Amended Motion to Quash and the parties' related briefing." Doc. 52 at 3. The February 29, 2012 objections and request for a hearing were filed timely after Dallas County Community Supervision and Corrections Department, Nationwide Retirement Solutions Inc. of Texas, City Credit Union, and Texas County & District Retirement System filed answers to the Government's Application for Writs of Garnishment. The court nevertheless determines that because the objections clearly relate to the garnishment of Patricia Banks's retirement account and wages, and the issue of whether community property is exempt from garnishment can be decided as a matter of law, no hearing is necessary under section 3205(b)(5) for the reasons set forth in the Report. Accordingly, the objection on this ground will be overruled.

### C. Community Property

In his final objection, Defendant contends: "For the Government to garnish a spouse['s] wages because Texas is [a] Community Property State is discriminating against the spouse whom was not a party to the criminal case or the civil case when it was filed." The magistrate judge determined, as a matter of law, that Patricia Banks's "solely managed community property, including her retirement account and wages, is not exempt from garnishment by the federal government for purposes of satisfying a restitution order against Defendant." Doc. 54 at 7. The court concludes that the magistrate judge's determination is legally correct and will therefore overrule Defendant's objection in this regard.

## II. Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court. Accordingly, Defendant's objections are **overruled**, and the Amended Motion to Quash and Accounting (Doc. 36) is **denied**.

**It is so ordered** this 30th day of January, 2013.

Sam A. Lindsay
United States District Judge